Dickason, *Plaintiff in Error*, v. Eby.

73  133
137  353

**Vendor's Lien for Purchase Money Payable in Installments**

REMEDIES UPON DEFAULT IN PAYMENT: WAIVER. If a vendor who has conveyed an absolute estate in land to his vendee and has a vendor's lien thereon for unpaid installments of the purchase money, upon default in payment of an earlier installment sues upon it, and obtains a personal judgment against the vendee and causes the land to be sold under execution in satisfaction of the judgment, he can

not, upon default in payment of a later installment, enforce his vendor's lien against the land. By electing to proceed at law, he will be deemed to have waived his remedy in equity, and the purchaser will take the land discharged of any further liability for the debt. The rule is otherwise where the vendor, instead of conveying in fee, has given a bond for a deed to be executed upon payment of the purchase money.

*Error to Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Broadhead, Slayback & Haeussler* for appellant.

1. Nothing was sold at the execution sale except the right, title and interest of Eby, and Eby at that time had only an equity of redemption. Nothing else was sold or could be sold. The land itself was not sold. *Lewis v. Chapman,* 59 Mo. 371; *Broadwell v. Yantis,* 10 Mo. 399; *Lumley v. Robinson,* 26 Mo. 364; *Gaston v. White,* 46 Mo. 486; *McNair v. O'Fallon,* 8 Mo. 188. From the very nature of the transaction, a sale under a general judgment against the vendee cannot extinguish the lien of the vendor, because there is no judgment to enforce the lien. A lien is not an interest in or title to property; it is only a right to hold it until a debt is paid, or to have it sold for the payment of the debt; and an equitable lien can only be enforced by the judgment of a court of competent jurisdiction authorizing its enforcement; and in the present case there has been no such judgment. A vendor's lien is one which arises from the doctrine of constructive trusts, and is wholly independent of the thing to which it is attached as a charge or incumbrance; and can only be enforced in equity. To the extent of the lien the vendee becomes trustee for the vendor; and this lien exists not only against the vendee and his heirs, and other privies in estate, but also against subsequent purchasers having notice that the purchase money remains unpaid. Story Eq. Jur., § 1217. Inasmuch as it is not an interest in the land, it is

not property which is subject to execution and sale. A vendor's lien then cannot be extinguished without a judgment of a court of equity, ordering the property to be sold for the payment of the debt it was intended to secure; but any interest in the land which the debtor may have, that is not covered by the lien, may be sold under a general judgment and execution, because our statute authorizes the sale of any interest; and in the case of any mortgage or lien, that interest is the equity of redemption.

2.   Plaintiff holding the vendor's lien by assignment had the right to ask a decree of a court of equity for a sale of the land for the payment of the unpaid balance of the purchase money. *Rice v. Wilburn*, 31 Ark. 108; *Gill v. Clark*, 54 Mo. 417; *Nairn v. Prowse*, 6 Ves. 752; *Clark v. Hunt*, 3 J. J. Marsh. 553; 4 Kent Com., 152; *Adams v. Buchanan*, 49 Mo. 67; *Ledos v. Kupfrian*, 28 N. J. Eq. 161; *Ball v. Hill*, 48 Tex. 634; *Roberts v. Johnson*, 48 Tex. 137; *McAlpin v. Burnett*, 19 Tex. 500. There is nothing to indicate an intention to waive the vendor's lien. No act is relied upon except the judgment and sale under the execution. The suit was brought in another county than that in which the land was situate, indicating an intention to make the debt out of other property than the land. It would impute extreme folly to the plaintiff to suppose that he intended, by having the interest of the vendee sold under execution, to cut off the only security he had for the payment of the balance of the purchase money. It would be doing great injustice to Eby, the vendee, to permit the plaintiff to sell the whole land for the payment of only a part of the debt, or to hold that by a constructive foreclosure of the vendor's lien the whole of the land was sold for a part only of the debt, leaving him still owing the other installments as they fell due.

*W. M. Boulware* for defendant in error Fisher.

The lien of the vendor is simply the right to subject

the title conveyed by the vendor to the vendee to sale for the payment of the debt—I repeat, the title conveyed by the vendor to the vendee—no greater and no less title than that, whether it be a life estate or the fee, and subject to all incumbrances existing against it at the time, and free from all incumbrances and liens thereafter placed thereon by the vendee. In order to cut off the latter, where they exist, the vendor must have a decree enforcing the lien. Where this necessity does not exist he may subject the exact title conveyed to the vendee to sale either under the lien or under a common law judgment at his election. When he elects the latter he waives the former. When he sells under the judgment he does that, the right to do which as against subsequent incumbrancers or purchasers, constitutes the right called the vendor's lien; that is to say, he subjects to sale for the payment of the purchase price of the land the entire estate by him conveyed to the vendee. Having so done, his lien is extinguished and his right exhausted. It would thus seem to be clear that whatever may be result of an execution sale, to a third party, of a mere equity of purchase of the vendee, for the payment of the purchase price, such sale, where a conveyance has been made, must pass to the purchaser, whether the creditor himself or a stranger, the full unincumbered title. We submit, therefore, that where a vendor by deed conveys the absolute fee to a purchaser, and thereafter recovers a common law judgment against the purchaser for an unpaid installment of the purchase money, and issues execution thereon and causes the same to be levied upon the land conveyed, a sale of said land under said execution to a stranger will extinguish the vendor's lien, and the land cannot afterward be subjected to sale for the payment of the balance of the purchase price. The following authorities are believed to be decisive in support of the proposition: *McArthur v. Porter*, 1 Ohio (Ham. 2 Ed.) 44; *Outton v. Mitchell*, 4 Bibb (Ky.) 239; *Grubb v. Crane*, 5 Ill. 153; *Ahrend v. Odiorne*, 118 Mass. 261; *s. c.*, 19 Am. Rep. 449;

*Allen v. Loring,* 34 Iowa 499; Judge Story in *Gilman v. Brown,* 1 Mason 192; *Edminster v. Higgins,* 6 Neb. 265; *s. c.,* 4 Cent. Law Jour. 479.

NORTON, J.—This was a proceeding in equity to subject to sale certain lands for the payment of that portion of the purchase money which was due at the time the suit was brought. The facts, as developed by the testimony are as follows: On the 2nd day of February, 1871, one Richard Wilton, by deed of general warranty, conveyed to the defendant, David S. Eby, the land described in plaintiff's petition, situated in Ralls county, Missouri. The consideration for this sale, as stated in the deed, was the sum of $15,000, to be paid as follows, as set forth in the deed: Eby was to pay off and discharge at its maturity a promissory note for $5,000, executed by said Wilton to John B. Helm; and also to pay to Wilton $1,000 on the 1st day of March in each year from the date of said deed for a period of twenty years; and at the end of twenty years Eby was to pay to Wilton the further sum of $10,000. Or, upon the payment by Eby at any time during said term of twenty years of all said installments due and unpaid, and the said sum of $10,000, he was to be discharged from any further indebtedness for said land. All of the above terms are recited and set forth in the conveyance from Wilton to Eby, which conveyance was filed for record in the recorder's office of Ralls county on the 20th day of February, 1871. Under this deed Eby took possession of the land, and kept possession until the sale of the same to Fisher at sheriff's sale, as hereinafter mentioned. Eby paid the first installment of $1,000.

On the 22nd day of February, 1873, the said Wilton and the plaintiff herein entered into a written agreement, whereby said Wilton, for a valuable consideration in said agreement set forth, assigned, transferred and set over to the plaintiff all of his (Wilton's) right, title and interest in and to the debt above mentioned, and also his (Wilton's)

vendor's lien on the land conveyed to Eby. On the 7th day of April, 1874, said Wilton and plaintiff entered into a written agreement whereby Wilton, for a valuable consideration, further assigned and transferred to plaintiff all his (Wilton's) right, title and interest in the debt due from Eby to Wilton in consideration of the land conveyed; and also said Wilton further assigned and transferred to plaintiff, all his (Wilton's) right, title and interest in and to the vendor's lien on the land conveyed by him to Eby as aforesaid.

When Eby made default in the payment of the second and third installments of $1,000 each, plaintiff brought suit in the Hannibal court of common pleas against Eby, and obtained two several judgments—one in September, 1873, for $1,000 and interest, and the other in December, 1874, for $1,000 and interest. These were both personal judgments against Eby; and on both these judgments executions were issued, directed to the sheriff of Ralls county, commanding him that of the goods and chattels and real estate of Eby, he cause to be made the damages and costs in the executions mentioned. In obedience to the command of said executions, the sheriff of Ralls county did, on the 2nd day of March, 1875, levy upon and seize all the right, title and interest and claim of defendant Eby in and to the real estate conveyed by said Wilton to defendant Eby as above mentioned. After advertisement according to law, the said sheriff of Ralls county, on the 26th day of March, 1875, while the circuit court of Ralls county was in session, did expose for sale to the highest bidder for cash, all the right, title and interest of defendant Eby in the land seized by said sheriff under said execution as aforesaid, being the same land conveyed by Wilton to defendant as aforesaid; and at said sale the defendant Fisher became the purchaser of all the right, title and interest of said defendant Eby in said lands for the sum of $8,000. Subsequently to the sale, the sheriff executed a deed to defendant Fisher, in which he acknowl-

edged the receipt of $8,000, bid by Fisher. Out of the sum so paid, the sheriff satisfied the execution and costs, leaving a remainder in his hands of $5,592.96. Defendant Fisher entered into the possession of said lands so purchased, claiming the right to do so under said sheriff's sale. Defendant Eby made default in the payment of the fourth and fifth installments of $1,000 each, and defendant Fisher refuses to pay said fourth and fifth installments. The defendant Fisher is in possession of said land under and by virtue of his purchase at the sheriff's sale aforesaid.

In this state of the case, the plaintiff brought suit against Eby for the amount of the fourth and fifth installments of $1,000 each, and praying that the real estate conveyed by Wilton to Eby be sold to pay the amount due, and for general relief. In this suit, John P. Fisher, who had bought the interest of Eby at sheriff's sale, was made a party defendant. Eby filed no answer and suffered default. Fisher filed an answer, which was substantially a demurrer to the petition. He denied that the assignment from Wilton to plaintiff vested plaintiff with any right to subject the land to sale for the non-payment of the purchase money. The court, upon the hearing, dismissed the plaintiff's petition. Plaintiff filed his motion for a rehearing, which was overruled, and the case is brought up to this court by writ of error.

Conceding, for the argument and purposes of this case, that the fact, which appears on the face of the deed executed by Wilton to Eby, that the purchase money was not paid, was sufficient to give Wilton a vendor's lien for the purchase money on the land conveyed, without any express reservation of such lien being made in the deed; and, conceding, further, for the like purpose, that the debt of Eby, together with the vendor's lien, could be, and was, in fact, legally assigned to the plaintiff, Dickason, and that such assignment conferred upon the said assignee all the rights of the vendor; the only question remaining to be passed upon is, whether the plaintiff, after procuring his judgment

at law upon two past-due installments of the purchase money, (there being other installments not due,) and after subjecting all of Eby's right, title and interest in the land by virtue of executions which issued upon said judgments, can, for installments maturing after said execution sale, assert a vendor's lien and have the land again subjected to sale for the purpose of paying said installments.

This precise question was before the court in the case of *Outton v. Mitchell*, 4 Bibb 239, and it was answered in the negative, and we think correctly. A vendor who has conveyed an absolute estate in land to his vendee, and has a vendor's lien thereon for unpaid purchase money, may resort either to a court of equity, and ask for the enforcement of his lien by a sale of the land to pay the debt, or he may procure his judgment at law for so much of the purchase money as remains unpaid, and subject the land to sale by execution. A sale of the land is the result, whether one or the other of these remedies is adopted; and if the vendor elects to adopt the latter remedy, and the land is sold, he must stand by his election; for it necessarily implies a waiver of his right to effect a sale by means of the other remedy. The vendor by his own act having brought about and directed a sale under execution of all the right, title and interest of his vendee, will be presumed to have waived the right he had to go into a court of equity and accomplish the same by having a decree directing the sale of the land for the specific purpose of paying the purchase money, and will be estopped from asserting against a purchaser at such sale, a right to enforce a vendor's lien by a re-sale of the land. *McArthur v. Porter,* 1 Ham. (Ohio) 99; *Grubb v. Crane,* 4 Scam. 153.

What is here said must be understood as applying to cases like the one we are considering, where the vendor has conveyed to his vendee all the estate he had; and must not be confounded with that class of cases where the vendor retains the legal title, and has simply given a title bond to convey, upon the purchase, the vendee taking nothing

but an equity. To this latter class of cases may be referred the cases of *Lewis v. Chapman*, 59 Mo. 371; *Broadwell v. Yantis*, 10 Mo. 399; *Lumley v. Robinson*, 26 Mo. 364, to which we have been cited by counsel for plaintiff. In this class of cases, where the vendor sues at law and sells under his judgment all the right and interest of the vendee, the purchaser acquires at such sale only an equity, because that is all the vendee has; and the only right which the purchaser acquires is the right to pay whatever purchase money remains unpaid, and demand of the vendor a conveyance of the legal title according to the contract. But in cases where the vendor has conveyed all his estate to the vendee without receiving the purchase money, its non-payment does not give to the vendor an equitable title or estate in the land itself, but only the right by a proceeding in equity to charge the legal estate in the hands of the purchaser with its payment. Bispham's Eq., § 364, p. 424, and § 354. Such right of the vendor may be waived by taking an independent security, or by any act which clearly indicates that the vendor does not rely upon it.

It is contended by counsel that, as the sheriff only sold and conveyed all the right, title and interest of Eby, the land itself was not sold and did not pass under the sheriff's deed. We think this argument unsound.. The deed executed by the sheriff, which is in the usual form of such conveyances, conveying, as it did, all the right, title and interest of Eby to defendant, he took by virtue thereof all the estate which Eby had in the land, which, by the terms of the deed from Wilton to Eby, was a fee simple estate. In the case of *Bogy v. Shoab*, 13 Mo. 380, it was expressly held that a deed conveying all the right, title and interest of the grantor will undoubtedly pass the land itself, if the grantor has an estate therein at the time of the conveyance. The case of *Gaston v. White*, 46 Mo. 480, to which counsel have cited us in support of the position taken, does not sustain it. In that case White had sold to Gaston certain land, and given a bond for title on payment of the purchase

money.    White instituted a proceeding in the circuit court to collect the note given for the purchase money, and to have the land sold to pay it.    He obtained judgment for the balance due, with an order for a special execution against the property, directing the sheriff to sell the interest of Gaston in the same; and, under this order, the interest of Gaston was sold.    Gaston afterward instituted his suit to enforce a specific performance of the contract, recited in the title bond, claiming that he had lost none of his rights by the said sale, for the reason that the judgment was not for a sale of the land, but only for his (Gaston's) interest therein.    The court held that, while the proper order would have been for the sale of the land, the order for the sale of Gaston's interest in it was nevertheless effectual to pass to a purchaser at a sale made under it all the interest which Gaston had, and that the only interest he had was an equity, the legal title having been retained by his vendor.    This case sustains the view taken by us as to what estate passed to defendant when he acquired, by his purchase at the execution sale, all the right, title and interest of Eby.

We find no error in the action of the circuit court in dismissing the bill, and will, therefore, affirm the judgment. All concur.