[No. 13468. In Bank. — May 16, 1891.]

J. M. GESSNER, RESPONDENT, v. AARON PALMATEER, APPELLANT.

VENDOR'S LIEN — ASSIGNMENT OF DEBT — TRANSFER OF SECURITY — ATTACHMENT.— Although the lien implied by law in favor of a vendor who has parted with the legal title and taken no security for the purchase-money is not a specific, absolute charge upon the property, but is personal to the vendor, and does not pass by a transfer of his claim for the purchase-money, yet where the vendor retains the legal title under an executory contract for the conveyance of the land upon payment of the purchase-money, he holds it as security for the purchase-money, in the nature of

a mortgage, and the assignee of notes given for the purchase-money is entitled to the security, as an incident to the debt, and cannot attach property thereupon, without showing that the security has become valueless.

ID. — DISSOLUTION OF ATTACHMENT.— Where a promissory note was given in part payment of land sold under a written contract, upon condition that no deed should be delivered until the full payment of the purchase price, and the assignee of the note, in an action against the maker, had the property attached upon an affidavit stating that the note was unsecured by mortgage or lien upon real or personal property, a motion to discharge the attachment should be granted, where the affidavit of the defendant, in support of the motion, states the true facts in the case and shows that the plaintiff purchased the note with knowledge thereof.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to dissolve an attachment.

The facts are stated in the opinion of the court.

*Winslow P. Hyatt,* for Appellant.

A vendor's lien, before the conveyance of the title to the vendee, is such a lien as will preclude the right of attachment. (*Porter* v. *Brooks,* 35 Cal. 199; *Hill* v. *Grigsby,* 32 Cal. 59; *Baum* v. *Grigsby,* 21 Cal. 173; 81 Am. Dec. 153; *Taylor* v. *McKinney,* 20 Cal. 619.) The lien of the vendor in such case is fixed and determinate. No act but his own can divest him of his security. (*Hill* v. *Grigsby,* 32 Cal. 59; *Porter* v. *Brooks,* 35 Cal. 199; *Baum* v. *Grigsby,* 21 Cal. 173; 81 Am. Dec. 153; *Taylor* v. *McKinney,* 20 Cal. 619, and cases quoted therein.) The assignment of an indebtedness transfers likewise the security by which its payment is protected. (*Hurt* v. *Wilson,* 38 Cal. 264; *Baum* v. *Grigsby,* 21 Cal. 176; 81 Am. Dec. 153.) In every case where a vendor's lien has been held not assignable, it has been after the conveyance of the title to the vendee.

*Del Valle & Munday,* for Respondent.

Only the vendor has a vendor's lien. (Civ. Code, sec. 3046.) The lien is, in its nature, a personal privilege,

and unassignable. (*Baum* v. *Grigsby*, 21 Cal. 173; 81 Am. Dec. 153.)

PATERSON, J. — This is an appeal from an order denying a motion to dissolve an attachment. The motion was made on the ground that the note upon which the action was brought was given to Webster, plaintiff's assignor, in part payment for certain land purchased from him by defendant; that Webster had a vendor's lien as security for the payment of the note; that the lien passed to plaintiff by the assignment of the note, and being thus secured, an attachment was improper.

The affidavit filed in support of the motion states that the defendant purchased certain land from Webster, under a contract which provided for payment of the purchase price by installments, and that at the time and place of making said contract for the sale and purchase of said lot of land, and as part of the said contract, the defendant executed and delivered to Webster the promissory note sued on; and that Webster still holds, against the defendant, the contract, giving him the right to purchase.

There is, perhaps, no subject of equity jurisprudence discussed in the books upon which there is a greater diversity of opinion than exists in relation to the origin, nature, and effect of a vendor's lien, against whom and in whose favor it avails, and how it may be discharged or waived. (*Hammond* v. *Peyton*, 34 Minn. 531.) The various definitions given, and principles applied to it by the courts, are hopelessly irreconcilable; and if we take the expressions found in decisions and text-books, without observing the distinction between the lien implied by law in favor of a vendor who has parted with the legal title and taken no security for the purchase-money, and the security which the vendor has while he holds the legal title under an unexecuted contract for the conveyance of lands upon payment of the purchase-

money, there will appear to be great confusion and inconsistency. The former, the implied lien, is properly known as a vendor's lien. It is the creature of courts of equity, founded upon the equitable presumption that where the vendor has parted with his title and taken no security for the payment of the purchase-money, the parties intended that the property itself should remain as a pledge for the payment of the purchase price of the land. The lien thus created by implication is not a specific, absolute charge upon the property; it is personal to the vendor, and does not pass by a transfer of his claim for the purchase-money. The fee is in the purchaser, and he may defeat the lien by a conveyance to a *bona fide* purchaser for value. (*Sparks* v. *Hess*, 15 Cal. 186; *Baum* v. *Grigsby*, 21 Cal. 172; 81 Am. Dec. 153; *Lehndorf* v. *Cope*, 122 Ill. 333.) The latter is improperly designated as a vendor's lien.

Where the vendor holds the legal title under an unexecuted contract for the conveyance of the land upon payment of the purchase-money, the transaction shows upon its face that he holds it as security. The vendee cannot prejudice that title, or in any way divest it, except by performance of the act for which the vendor holds it. The vendor's security is something stronger than a mortgage, because the legal title is retained as security. (*Stephens* v. *Chadwick*, 10 Kan. 413.) It has been called an imperfect or equitable mortgage, which is a more appropriate term than vendor's lien. (*Moore* v. *Lackey*, 53 Miss. 85.) In many of the best-considered cases, including *Sparks* v. *Hess*, 15 Cal. 186, it is treated as if it had the similitude of a mortgage, subject to foreclosure in the same way a mortgage is foreclosed. There is no necessity for any lien by implication. Where the title is not to pass until the vendee pays the purchase price, the land is by express contract held in pledge for such payment, and the notes and contract may be considered as an instrument in the nature of a mortgage. It is

a lien by contract, is an incident to the debt, and the assignee of notes given for the purchase-money, like the assignee of a note secured by mortgage, is entitled to the benefit of the security. (*Avery* v. *Clark*, 87 Cal. 619; *Wright* v. *Troutman*, 81 Ill. 374; *Adams* v. *Cowherd*, 30 Mo. 460; *Lowery* v. *Peterson*, 75 Ala. 109; *Bradley* v. *Curtis*, 79 Ky. 327; *McClintic* v. *Wise*, 25 Gratt. 448; *Lagon* v. *Bradolett*, 1 Blackf. 419; *Dingley* v. *Bank*, 57 Cal. 471.) There are a few decisions to the contrary, some of which inveigh against the rule, and emanating, as they do, from highly respectable authority, are entitled to careful consideration; but they bear evidence of a departure from sound legal rules, and will be found generally to have been influenced by decisions in cases where the legal title had passed to the vendee, thus overlooking the distinction we have attempted to point out, and which is paramount always in determining questions of this kind. The authorities preponderate very decidedly in favor of the view we have expressed. (2 Jones on Liens, sec. 1119, note.)

The provisions of our Civil Code, sections 3046 and 3047, apply to the vendor's lien proper, and not to the security held by a vendor under an unexecuted contract for the sale of land. There has been, and still exists, a great conflict of decision among the American courts, not only as to the nature of the security of the implied lien, but as to whether it could be assigned, and what act of the vendor would amount to a waiver of the lien (Perry on Trusts, 4th ed., sec. 328, note 4.) The notes of the code commissioners, and cases cited by them under the sections above referred to, show that it was intended to settle this conflict by express enactment. (Annotated Civil Code, secs. 3045, 3046, notes; *Avery* v. *Clark*, 87 Cal. 619.)

We are not called upon in this case to say whether the purchaser of a negotiable note for value, without notice of the security held by a vendor of real estate under an

unexecuted contract, would have the right to a writ of attachment; the affidavit on motion to discharge the writ herein stated that plaintiff "purchased the note sued upon in this action with full knowledge that the same was given as collateral to and identical with the debt secured by said contract and the lien on said real estate."

The note having been secured originally by the vendor's lien, and plaintiff having taken it with notice of that fact, it was his duty to state in his affidavit for the writ "that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless." Such is the requirement of the statute. (Code Civ. Proc., sec. 538.) The affidavit upon which the attachment was issued states that the payment of the sum claimed " has not been secured by any mortgage or lien upon real or personal property." The affidavit filed by defendant in support of his motion to discharge the writ states facts showing that the note was originally secured. No counter-affidavit was filed by plaintiff. The attachment was improperly issued, and therefore the motion should have been granted.

The order is reversed. with directions to discharge the attachment.

BEATTY, C. J., DE HAVEN, J., GAROUTTE, J., and HARRISON, J., concurred.

McFARLAND, J., dissenting.—I dissent, and adhere to the views expressed in the former opinion. (*Post*, p. 96.) I cannot subscribe to the doctrine that the owner in fee of land who simply agrees to convey it upon the payment to him of certain money evidenced by a promissory note is in the same position as one who conveys the land and takes back a mortgage; or that if, in the former case, he merely assigns the promissory note, the assignee of the note has a lien on the

land. If the latter can *enforce* such a lien, he must be able to *release* it. But how could he release it? It could be released only by conveying the land to the vendee; but how could he convey that which he hath not? If, after the assignment of the note, the vendor should convey the land to the vendee, what then would be the condition of the supposed lien of the assignee of the note?

The whole doctrine must rest on the untenable proposition that the assignment of a negotiable promissory note is a conveyance in fee of land.

I know that some of the recent text-writers speak of such a case as bearing "a strong similitude to that of mortgagee and mortgagor," and say that although it "is often spoken of in the cases as a vendor's lien," yet, in their opinion, such language is "a misuse of terms"; and that although "it has been said in English and American decisions that the vendor's lien may arise before conveyance as well as after," yet that this saying "confounds legal notions which are essentially different." But, in my opinion, those "English and American decisions" correctly state the law, and tend to prevent confusion. In this state, *Sparks* v. *Hess*, 15 Cal. 194, is the leading case on the subject. In that case the court say: "This is not a suit to enforce a vendor's lien after conveyance executed, but to enforce *such lien* when the contract of sale remains unexecuted," and that while the position of the vendor is, "in some respects," like that of a mortgagee, it is, in other respects, different. "The vendor is at liberty to ask either a decree directing performance, and in case of refusal, a sale of the premises, or a decree barring the right of the vendee to claim a conveyance under the contract." Throughout the whole case the right of the plaintiff is treated as, and called, a "vendor's lien"; and there is no doctrine better established than that a vendor's lien is not assignable. In the case at bar there was no conveyance of the legal title *from the* owner of the land (Webster) to the assignee of the note;

and, in my opinion, the mere assignment of the note carried no title to the land, and no vendor's lien, or any lien at all. But, in my opinion, a vendor's right is too shadowy to be a lien within the meaning of the attachment law.

The following is the opinion referred to by Mr. Justice McFarland, which was delivered upon the first hearing in Bank, on the 28th of July, 1890: —

McFarland, J.—This is an appeal from an order denying a motion to dissolve an attachment.

The action is upon a negotiable promissory note given by defendant to one E. C. Webster, and by the latter assigned to plaintiff. The ground of the motion is, that the note sued on was given to Webster in part payment for certain land purchased from him by defendant; that Webster had a vendor's lien as security for the payment of the note; that the lien passed to plaintiff by the assignment of the note; that the payment of the note was thus secured by a lien on real property, and that, consequently, a writ of attachment could not rightfully be issued.

But a vendor's lien is a mere personal, unassignable privilege, and could not be transferred to another person by a direct attempt to expressly assign the lien itself; and in the case at bar the lien certainly did not pass by the mere assignment of the promissory note. (*Baum* v. *Grigsby,* 21 Cal. 173; 81 Am. Dec. 153; *Porter* v. *Brooks,* 35 Cal. 199.)

The affidavit of defendant on motion to dissolve the attachment was, no doubt, intended to show (and we will assume that it does show) that on the purchase of the land no deed of conveyance passed, but that Webster was not to make such deed until the full payment of the purchase price, — the character of the vendor's lien, therefore, being like the one involved in *Sparks* v. *Hess,* 15 Cal. 166. And appellant contends that there is a dis-

tinction between a vendor's lien before the legal title has passed, and the one that exists after title has passed. There is some such distinction, but none that affects the question involved in the case at bar. Where title has not passed, the vendor has a more certain and valuable lien than where it has passed, because, in the latter event, the lien may be defeated by the vendee conveying to an innocent third person. He also has a variety of remedies. (See discussion of the subject in *Sparks* v. *Hess*, 15 Cal. 166.) In *Porter* v. *Brooks*, 35 Cal. 199, where the title had passed, and it appeared that the vendee had conveyed to a third party, it was held that the vendor's lien did not bar a writ of attachment, even though it did not appear that the third party was an innocent purchaser without notice; and Justice Sawyer, in an elaborate and learned concurring opinion, reaches the conclusion that the right of a vendor, after title has been passed, is too shadowy and inchoate to be recognized at all as a "lien" within the meaning of the attachment law. But the discussions on the subject will be found to relate to the right as between vendors and vendees, or the successors of vendees. We have been referred to no case in this state where a vendor's lien has been held to be of any value in the hands of any person other than the vendor himself.

Order affirmed.

Fox, J., SHARPSTEIN, J., and THORNTON, J., concurred.
LXXXIX. CAL.—7