[18071. Department One.—March 29, 1893.]

## GILBERT B. CLAIBORNE, EXECUTOR, ETC., APPELLANT, *v.* GEORGE H. CASTLE ET AL., RESPONDENTS.

PLEADING— VERIFICATION.—The verification of a pleading by one coplaintiff or codefendant is a sufficient verification under section 446 of the Code of Civil Procedure.

VENDOR'S LIEN — WAIVER— PAROL EVIDENCE.—The acts and conduct of a vendor of real property, indicating a waiver of his lien, may be shown by parol evidence.

ID.—LIEN FOR UNPAID PURCHASE-MONEY—CONSTRUCTION OF CODE—COMMON LAW—EQUITY.—Section 3046 of the Civil Code, which provides that "one who sells real property has a vendor's lien thereon for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer," is but a repetition of the common law, and the term "vendor's lien" referred to therein is the ordinary vendor's lien recognized by equity courts.

ID.—NATURE OF VENDOR'S LIEN—PERSONAL PRIVILEGE—CONSIDERATION OF WAIVER—ESTOPPEL—PURCHASE UPON FAITH OF WAIVER.—A vendor's lien is a simple equity or privilege, purely personal, and does not depend for life upon the agreement of the parties, and a consideration is not necessary in order to support a waiver of it; and the vendor is estopped from claiming that the release of his lien was without consideration, when his promise to release it was the moving consideration of a subsequent purchase of the land by another purchaser, who would not have bought the land without it.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Aug. Muenter,* and *John B. Hall,* for Appellant.

The motion for the entry of the default of the defendant Castle was erroneously denied, as the answer was verified by Nicewonger alone, whereas it should have been made by each of the defendants. (1 Daniel's Chancery Pleading and Practice, 2d an. ed., s. p. 431; 2 Daniel's Chancery Pleading and Practice, 2d an. ed., s. p. 876; 2 Story on Equity Jurisprudence, 9th ed., secs. 1483, 1499; *Drum* v. *Whiting,* 9 Cal. 422; *Gay* v. *Winter,*

34 Cal. 160; *McCullough* v. *Clark*, 41 Cal. 302; *McDermott* v. *Mitchell*, 47 Cal. 249; *City of Stockton* v. *Dahl*, 66 Cal. 378; *Silcox* v. *Lang*, 78 Cal. 118; *Wheeler* v. *West*, 78 Cal. 97; *Fulton Bank* v. *Beach*, 2 Paige, 307; *Young* v. *Seely*, 12 How. Pr. 395; *Hull* v. *Ball*, 14 How. Pr. 305; *Gray* v. *Kendall*, 5 Bosw. 666; *Alfred* v. *Watkins*, 1 Code Rep. N. S. 343.) The oral testimony of Nicewonger was inadmissible for proving the alleged agreement of Nicewonger and Castle with Crossmore to release the land from the lien. (See Civ. Code, secs. 1667, 1698, 1971, 3395; Story on Equity Jurisprudence, sec. 1217.) The agreement for the waiver of the lien was without consideration. (*Los Angeles etc. R'y Co.* v. *Rumpp*, 94 Cal. 432; Civ. Code, secs. 1550, 1605, 1606; *Comstock* v. *Breed*, 12 Cal. 286; *Liening* v. *Gould*, 13 Cal. 598; Story on Contracts, sec. 855.) As there was no writing, no consideration for the claimed release can be implied. (Civ. Code, sec. 1541.)

*J. C. Campbell, F. T. Baldwin,* and *Reddy, Campbell & Metson,* for Respondents.

The verification of the answer by only one of the defendants was sufficient. (*Ely* v. *Frisbie*, 17 Cal. 251; *Patterson* v. *Ely*, 19 Cal. 28.) The facts alleged in the answer, showing a waiver of the lien by Crossmore, were properly proven by parol testimony. (2 Warvelle on Vendors, p. 712; 2 Jones on Liens, sec. 1073; *Moshier* v. *Meek*, 80 Ill. 81; *Jarman* v. *Farley*, 7 Lea, 141.) The lien of a vendor is lost by any agreement, act, or conduct of the vendor manifesting an intention not to rely upon the lien. (*Avery* v. *Clark*, 87 Cal. 623, 624; *Baum* v. *Grigsby*, 21 Cal. 172; *Moshier* v. *Meek*, 80 Ill. 79; 2 Jones on Liens, sec. 1073; *McCarty* v. *Williams*, 69 Ala. 174; *Williams* v. *McCarty*, 74 Ala. 295; 2 Warvelle on Vendors, p. 712; *Neal* v. *Speigle*, 33 Ark. 63; *Griffin* v. *Blanchar*, 17 Cal. 74.) The taking by Crossmore of the promissory note of Nicewonger was a waiver of the lien. (2 Jones on Liens, sec. 1074; 2 Warvelle on Vendors, pp. 712–714; *Dixon* v. *Gayfere*, 17 Beav. 421; 21 Beav. 118; *Andrews* v. *Coleman*, 82 Ill. 27; *Cowl* v. *Varnum*, 37 Ill. 184; *McCarty* v. *Williams*, 69 Ala. 174; *Ex parte*

*Parks*, 1 Gill & J. 228; *Winter* v. *Anson*, 1 Sim. & St. 434; *McLaurie* v. *Thomas*, 39 Ill. 291.)

GAROUTTE, J.—On April 5, 1884, George Crossmore, now deceased, was the owner of the real estate in the complaint described, and on that day he sold the said real estate to defendant, Nicewonger, for the sum of eight thousand dollars, taking his promissory note therefor, payable four years from that date, with interest. Crossman executed a grant, bargain, and sale deed for said premises to Nicewonger, but said deed was never recorded. It appears that Nicewonger was indebted to one Castle in a sum of money exceeding ten thousand dollars, and about the twenty-eighth day of February, 1885, Castle, Crossmore, and Nicewonger met, and it was agreed between them that Nicewonger would surrender up his deed, and that the same should be destroyed, and that Crossmore should execute a deed of said land to Castle direct; that Castle should pay eight thousand five hundred dollars for the land by paying to Crossmore four hundred and eighty dollars interest on the note, and to Nicewonger twenty dollars, and by crediting Nicewonger with the sum of eight thousand dollars on his indebtedness to him, Castle, and that Crossmore should keep the note of Nicewonger and hold it for payment of the land, and look to Nicewonger personally for payment; and under that agreement the deed was executed by Crossmore and accepted by Castle. After this date Crossmore did not intend to claim and did not claim any lien whatever upon the land and premises in the complaint mentioned for the purchase-price thereof, but looked entirely to the note of defendant, Nicewonger, for payment therefor.

The foregoing facts were substantially found by the court, and are fairly supported by the evidence. This action is brought by the executor of the last will of Crossmore against Nicewonger, and the executors of the last will of Castle, to enforce a vendor's lien upon the realty based upon the original transfer to Nicewonger. Plaintiff appeals from the judgment and order denying his motion for a new trial.

1. It is insisted that the default of the defendant, Castle, should have been entered, for the reason that the answer was verified by Nicewonger alone, he stating that he also made the

affidavit on behalf of his codefendant. The necessity for the verification of the pleading arises from the statute alone, and the solution of this question is dependent entirely upon the construction of section 446 of the Code of Civil Procedure. Without entering into a detailed analysis of that section, it is quite apparent, taking it as a whole, it was contemplated by the legislature that a verification of a pleading by one coplaintiff or codefendant would be sufficient to meet the demands for such legislation. Such has been the practice in this state; to our knowledge it has never been questioned, and we are not disposed to disturb it. Conceding that cases may arise where the real party in interest would thus be able to shift the responsibility of the verification of the pleading upon his nominal coplaintiff or codefendant, the evil should be remedied by legislative enactment, rather than by judicial construction.

2. It is insisted that a vendor's lien cannot be waived or released as long as the obligation exists, by parol declarations of the lien-holder. Appellant concedes that prior to the codes the text-books and cases were against his contention, but claims that a vendor's lien is now a statutory lien by virtue of section 3046 of the Civil Code, and consequently stands upon a higher plane and is endowed with greater capabilities than the ordinary vendor's lien recognized by equity courts. Section 3046 declares: "One who sells real property has a vendor's lien thereon independent of possession for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer." But this section is but a repetition of the common law, as are hundreds of other sections found in the codes. When it uses the term "vendor's lien," it refers to the same vendor's lien proper that is treated of in the text-books, both modern and ancient. If other provisions of the code limit or enlarge rights under it, to that extent, it is not the vendor's lien of the past, but to that extent only. Section 5 of the Civil Code provides that its provisions, "so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof and not as new enactments." (See *Churchill* v. *Pacific Improvement Co.*, 96 Cal. 490.)

The recent cases of *Avery* v. *Clark*, 87 Cal. 619, and *Gessner*

v. *Palmateer,* 89 Cal. 89, fully discuss this subject, and in effect hold that the code provisions do not change the character of the lien. While in those cases the title still remained in the lien-holder, yet the matters discussed were fairly involved, and we again assent to the law as there declared. It is settled beyond dispute that the acts and conduct of a vendor which indicate a waiver of the lien may be shown by parol. The California cases all point directly to this conclusion, and the doctrine is clearly announced in *Moshier* v. *Meek,* 80 Ill. 79; *Jarman* v. *Farley,* 7 Lea, 141; Jones on Liens, sec. 1073.

3. It is insisted that Crossmore's agreement with Castle and Nicewonger to waive the lien was made without consideration. The evidence indicates to the contrary, but as said in *Avery* v. *Clark,* 87 Cal. 619: "A vendor's lien is not the result of any agreement or any intention of the vendor and vendee, but is a simple equity raised by courts for the benefit of the vendor of real estate. It is a privilege purely personal, and cannot exist in favor of any but the vendor." If it is a simple equity or privilege, purely personal, something not dependent for life upon any agreement of the parties, a consideration is unnecessary to support a waiver of it. Under any view of the case, Crossmore cannot be allowed to come into a court of equity, asking to have a vendor's lien foreclosed upon Castle's land, and claim that his release of the lien thereon was made without consideration. His promise to release the lien was the moving consideration to Castle to purchase. Without it he never would have bought the land. Crossmore's conduct placed Castle in his present position, and it would be most unfair if he should be allowed to make such a showing, and thereby visit loss upon an innocent party. Equity will not listen to a plea of "no consideration" upon any such state of facts.

For the foregoing reasons let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.