[S. F. No. 848.    Department One.—December 30, 1898.]

JOHN LONGMAID, Respondent, v. WILLIAM A. COULTER et al., Appellants.

VENDOR AND PURCHASER—CONTRACT OF SALE—RETENTION OF TITLE AS SECURITY—ASSIGNABILITY OF DEBT SECURED.—Under an executory contract for the sale of land, where the legal title is retained by the vendor, as security for the payment of the purchase money, the vendee has only an equitable estate in the land, and the security is in the nature of an imperfect or equitable mortgage, and the land is by express contract held in pledge for such

payment, and the interest of the vendor is assignable, and the assignee of notes given for the purchase money is entitled to the benefit of the security.

Id.—Indorsement of Note for Purchase Money—Waiver of Lien.— The lien of a vendor who has made a conveyance of the legal title is waived by an assignment or indorsement of the note or notes given for the purchase money; but the lien existing in favor of a vendor who retains the title as security for the purchase money is not waived by the assignment or indorsement of a note given therefor or by an unsatisfied judgment obtained thereupon, and upon the reindorsement of the note to the vendor, he may enforce a lien upon the land for the unpaid purchase money.

Id.—Right to Sue for Purchase Money—Construction of Code—Enforcement of Lien.—The vendor who had retained the title as security for the purchase money, or his assignee of the debt, may sue for and collect the unpaid purchase money in an action at law without, in the first instance, resorting to an action to enforce the lien for the debt; and section 726 of the Code of Civil Procedure does not apply to such a case. Such action at law does not waive or affect the right of the vendor or his assignee to enforce the security for any uncollected and unsatisfied portion of the purchase money.

Id.—Estoppel—Unsatisfied Judgment.—A proceeding upon the note by the vendor or his assignee, and the obtaining of an unsatisfied judgment upon the debt, cannot operate to estop the vendor or his assignee from foreclosing the lien for the unpaid purchase money; but in such case the amount realized upon foreclosure of the lien must be applied in satisfaction of the former judgment. Defendant cannot be compelled to pay the debt more than once.

Id.—Homestead Claim of Defendant—Subjection to Lien of Vendor.— A declaration of homestead filed by the wife of the vendee, though it cannot be declared void as in fraud of creditors, is subject to the legal title and lien held by the vendor as security for the unpaid purchase money, nor is the priority of such lien affected by the indorsement of the note for purchase money, and the bringing of an action at law thereon by the indorsee, prior to the filing of the declaration of homestead.

Id.—Oral Agreement of Purchaser to Pay Taxes on Land.—An oral agreement that the purchaser should pay all taxes and assessments that might become due and payable upon the land, is not in violation of the provisions of section 5 of article 13 of the constitution, as respects the forfeiture of interest upon the unpaid purchase money, evidenced by the note given therefor.

Id.—Taxes Paid by Vendor—Right of Purchaser to Conveyance.— Where the contract between the vendor and purchaser provides expressly for the execution of a deed upon the payment of the purchase money with interest, the vendor cannot recover taxes

CXXIII Cal.—14.

paid by him, in an action to foreclose the lien, though agreed
to be paid by the purchaser.

ID.—RELIEF AGAINST DEFAULTING DEFENDANT.—Relief cannot be granted
against a defaulting defendant in excess of that demanded in
the complaint.

APPEAL from a judgment of the Superior Court of Marin
County and from an order denying a new trial.   F. M. Angellotti,
Judge.

The facts are stated in the opinion of the court.

Otto Tum Suden, for Appellants.

C. H. Wilson, for Respondent.

GAROUTTE, J.—Upon the trial of this case in the superior
court the trial judge rendered the following opinion:

"The defendants are husband and wife, and have been such
ever since November 3, 1891.  The default of the defendant
William has been entered, and the cause was tried upon the
amended complaint, and the answer of defendant Harriet A.
Coulter thereto.   There is no dispute as to the facts, which are
substantially as follows:

"The plaintiff was on the fifth day of November, 1890, the
owner of and possessed of a lot of land in Sausalito, known as
lot 46, in block A.   On that day he entered into a verbal con-
tract or agreement with defendant William, whereby he sold said
lot to said defendant for fifteen hundred dollars, of which de-
fendant then paid to plaintiff one hundred dollars, and at the
same time agreed to pay the balance, viz., fourteen hundred dol-
lars, on or before five years from said November 5, 1890, and in
evidence thereof gave to plaintiff his promissory note for the
same, payable 'on or before five years from date,' with interest
at eight per cent per annum until paid.   It was verbally agreed
between the plaintiff and said defendant that the legal title to
the land should remain in plaintiff as security for the payment
of the unpaid portion of the purchase price and interest, and
the legal title has never been transferred by plaintiff.   It was
further agreed, in consideration of said sale and as a part of the
same transaction, that said defendant should pay all taxes and
assessments that might become due and payable upon said land,

but he has neglected so to do, and plaintiff has been compelled to pay all the same, amounting to one hundred and ten dollars and fifty cents. The said defendant immediately entered into possession of said property under this verbal agreement, and has ever since been in possession thereof, and has erected a dwelling-house thereon. No part of the fourteen hundred dollars has ever been paid, nor any of the interest thereon, except the sum of sixty-five dollars, paid as follows, viz: January 13, 1892, twenty-five dollars; February 5, 1892, twenty dollars; and April 28, 1892, twenty dollars. On December 16, 1895, the plaintiff, for the purpose of collecting the unpaid portion of the purchase price of said lot, and without any consideration whatever, and without any intention of waiving or abandoning his lien, if it may be called a lien, indorsed the note to one Tyndall Bishop, with directions to collect the same, and said Bishop, on the same day, brought action against said defendant William in this court on said note to recover the said sum of fourteen hundred dollars, with the interest due, the complaint alleging the execution of the note, and 'that the said John Longmaid thereafter indorsed the said note to the plaintiff.' The said defendant suffered default in the action, and on January 9, 1896, judgment was entered therein against him for the sum of nineteen hundred and forty-seven dollars and twenty-six cents principal and seven dollars and fifty cents costs, and on the same day Bishop duly assigned such judgment to plaintiff, the assignment being on that day filed in the office of the clerk of this court, and the plaintiff has ever since owned said judgment. The defendant William A. Coulter on September 4, 1896, filed his waiver of right to appeal in said action.

"On December 18, 1895, defendant Harriet A. Coulter filed for record her declaration of homestead covering such property, thus barring levy of execution on the same. Defendant William has no property other than his interest in this property. Execution has been returned unsatisfied, and the judgment has never been paid in whole or in part. On May 30, 1896, plaintiff tendered to said defendant a sufficient deed, and offered to perform his agreement, but said defendant refused to accept the same and refused to pay the unpaid portion of the purchase price.

"This action was commenced June 1, 1896, to compel payment of the amounts due to plaintiff under said agreement, and, in default of such payment, that the declaration of homestead be declared void, and that the defendants be foreclosed of all interest, lien, and equity whatsoever in said land, and that the same be sold and the proceeds applied to the payment of such note, with interest thereon at the rate of seven per cent per annum from date, less the partial payments thereon, and also to the payment of all other sums that may be found to be due under the agreement, and for personal judgment against defendant William A. Coulter for any deficiency.

"The main question presented upon the foregoing undisputed facts is as to whether the plaintiff, by the indorsement of the note to Bishop for collection, and the prosecution by Bishop to judgment of an action upon such note, has waived the right he would otherwise undoubtedly have had to proceed against the defendants' interest in the land for the satisfaction of his claim. Such procedure would in this state admittedly be a waiver of the ordinary vendor's lien referred to in our Civil Code, sections 3046 et seq., existing after conveyance. (*Fitzell v. Leaky*, 72 Cal. 477.)

"But, as has universally been held, there is a great distinction between the lien of the vendor, after a conveyance, and the interest of the vendor who has not conveyed, but has retained the legal title as security for the payment of the purchase price. In view of the uniformity of the decisions on this point, it seems hardly necessary to devote any time to a consideration of the authorities. As was said in *Fitzell v. Leaky, supra:* 'The lien which the vendor of real property retains, after an actual conveyance, for the unpaid purchase money, is not a specific and absolute charge upon the land, but a mere equitable right to resort to it upon failure of payment by the vendee. It is in its nature a personal privilege, unassignable, which the vendor can assert only in a suit brought for the purpose of having it decreed and enforced.' (See, also, *Fitzell v. Leaky, supra;* Civ. Code, secs. 3046, 3047; *Gessnel v. Palmateer*, 89 Cal. 89; *Claiborne v. Castle*, 98 Cal. 30; *Avery v. Clark*, 87 Cal. 619; 22 Am. St. Rep. 272.)

"In such a case the fee is in the purchaser, and he may de-

feat the lien by a conveyance to a *bona fide* purchaser for value. On the other hand, where the legal title is retained by the vendor under an unexecuted contract for the conveyance of the same upon the payment of the purchase price, the vendee has acquired only an equitable estate in the land. He has acquired the right to have the legal title conveyed to him upon the performance of his part of the agreement. Professor Pomeroy says in his Equity Jurisprudence, section 1260: 'To call this complete legal title [of the vendor] a lien is certainly a misnomer. In case of a conveyance the grantor has a lien, but no title. In case of a contract for sale before conveyance the vendor has the legal title and has no need of any lien; his title is a more efficient security, since the vendee cannot defeat it by any act of transfer even to or with a *bona fide* purchaser.' And in section 1261 he says that 'so far as it [the so-called lien] has any distinctive signification it simply means his right of enforcing his claim for the purchase money against or out of the vendee's equitable estate by means of a suit in equity.'

"In *Gessner v. Palmateer, supra,* our supreme court, in speaking of such a contract, say: 'The vendee cannot prejudice that title or in any way divest it, except by performance of the act for which the vendor holds it. The vendor's security is something stronger than a mortgage, because the legal title is retained as security. It has been called an imperfect or equitable mortgage, which is a more appropriate term than vendor's lien. The land is by express contract held in pledge for such payment.' . . . .

"Such an interest is assignable, and the assignee of notes given for the purchase money is entitled to the benefit of the security. (*Gessner v. Palmateer, supra; Avery v. Clark, supra;* Pomeroy's Equity Jurisprudence, sec. 1202; 28 Am. & Eng. Ency. of Law, 190.)

"The question presented by this case as to whether in a case where the vendor holds the legal title a proceeding at law for the purchase price is a waiver of the vendor's right to proceed against the property, has not, so far as I have been able to find, ever been passed upon by our supreme court, but it is a question upon which authority from other states is not wanting. The sum of the decisions upon the question is that the vendor may

sue at law on the debt or in equity to enforce the contract, or he may pursue both remedies concurrently; that the right to pursue the property is not waived by taking independent security, or by other acts which would operate as a waiver of the implied lien, and that so long as he retains the title the vendor clearly manifests an intention to rely upon it as security for his debt, and equity will not compel him to part with his title until his debt has been paid; and that the institution of proceedings at law for the purchase price, whether evidenced by notes or not, and the recovery of judgment and the issuance of execution thereon, do not affect the right of the vendor to satisfy his claim for the purchase price out of the property, except so far as such judgment may have been satisfied. (See Jones on Liens, secs. 1116, 1126; 28 Am. & Eng. Ency. of Law, 190, 195, 197; *Graves v. Coutant*, 31 N. J. Eq. 763; *Dickason v. Eby*, 73 Mo. 133; *Exchange etc. Bank v. Bradley*, 15 Lea, 279; *Micou v. Ashurst*, 55 Ala. 607.) . . . .

"Several decisions of the supreme court of this state, wherein it is held that an action brought on the note alone, where the note is secured by mortgage, is a waiver of the mortgage security, are relied upon by counsel for defendants as being applicable to the case at bar, but it must be remembered that in this state there is a statute regarding the procedure in case of debts secured by mortgage. . . . .

"But it cannot be held that the relation of mortgagor and mortgagee existed between Coulter and Longmaid. If there had been a conveyance, and a lien for the purchase price expressly reserved in the deed, the case would have perhaps presented a different aspect.

"There is some conflict in the opinions of writers and courts as to the exact nature of the relationship existing between the vendor and vendee in a case such as this. It has been said that the relation bears a strong similitude to that of mortgagor and mortgagee, but, as must clearly appear, there are many points of difference.

"In the case of *Samuel v. Allen*, 98 Cal. 406, the question was squarely passed upon by the supreme court. That was an action at law to recover money due on a contract for the sale of land. It was contended that the action should be for specific

performance or foreclosure of lien, inasmuch as plaintiff by his contract retained the title to the land.    This contention must have been sustained if the relation of mortgagor and mortgagee existed, under section 726 of the Code of Civil Procedure, and the decisions in *Barbieri v. Ramelli*, 84 Cal. 154, and *Powell v. Patison*, 100 Cal. 236.    But the court, through Mr. Justice Temple, said: 'It is true that in some sense the vendor has a lien on the land for the portion of the purchase money which remains unpaid, and that it has been held that until a conveyance has been made the lien constitutes such security as will prevent the creditor from suing out an attachment.    (*Gessner v. Palmateer, supra.*)    It has also been uniformly held that such contract does not establish the relation of mortgagor and mortgagee.    There is, therefore, no statutory prohibition upon the right to a personal action to enforce the debt when it becomes due.'

"In *Gessner v. Palmateer, supra,* a similar case, the court said, speaking of the vendor's interest: 'The vendor's security is something stronger than a mortgage, because the legal title is retained as security.    The case of *Dingley v. Bank of Ventura,* 57 Cal. 467, where the court said it is really a mortgage and governed by the same rules, was a case where a conveyance had been executed, the deed reserving a lien to the vendor for the unpaid portion of the purchase price.

"In the case at bar, the vendor had something more than a lien upon the property—he had the complete legal title thereto, something that the mortgagee never has.    It is true that he held it as the trustee of the vendee, but he could not be compelled to convey it except upon full payment by the vendee of the purchase price.    None of the decisions cited by counsel for defendants are applicable to such a case.    The plaintiff, retaining the legal title, has shown no intention of waiving the security afforded thereby.    The fact that he, through his agent, prosecuted to judgment an action on the note without asking for a sale of the land to satisfy his claim does not show an intention on his part to abandon the security afforded by the legal title before the payment of the purchase price, any more than would the taking of independent security or other acts which would operate as a waiver of the ordinary vendor's lien show such in-

tention. (See *Kent v. Williams*, 114 Cal. 537.) So long as he holds the legal title, he cannot be said to have shown an intention of waiving the right given him by the contract, under which he holds such title, to hold the same until the payment of the purchase price. Here the plaintiff has not parted with the legal title, and cannot be compelled to so do until payment of the purchase price. According to the decisions heretofore cited, if the homestead declaration had not been filed and the interest of the defendant had been sold under the execution, the purchaser would have acquired only the defendant's interest in the property, namely, the right to pay up and obtain a conveyance, and the plaintiff would still have retained the legal title until full payment of the purchase price. The fact that a judgment has been obtained certainly has not extinguished the indebtedness. At most it has been changed only in form.

"It would, therefore, seem that, in the absence of statutory prohibition, the plaintiff ought to be permitted to proceed against the land held by him in trust as security, unless there be something in his acts that would operate as an estoppel. But I do not see how, under the circumstances of this case, the doctrine of estoppel can have any application. The proceeding on the note, so far as I can see, has not operated to the injury of the vendee in any way, except perhaps so far as the costs of this action are concerned, and, inasmuch as plaintiff could have obtained full relief in one action, I do not consider that he should recover his costs herein. The most serious objection in my mind to the maintenance of this action is, that under our system of practice two suits were unnecessary, and the plaintiff could have obtained all the relief to which he was entitled in one action. But, in absence of express prohibition of such second action in a case of this character, and in view of the fact that no injury can possibly be occasioned defendant thereby beyond the costs of this action, which can be remedied here, I am not inclined to hold plaintiff to be without remedy. Of course, plaintiff will never be allowed to collect more than is due him, if he recovers here. If under decree rendered in this action the property is sold, defendant will be entitled to have the amount realized applied in satisfaction of the former judgment. Defendant cannot be compelled to pay the debt more than once.

"There was nothing in the plaintiff's complaint in the action on the note to justify defendant in the conclusion that he could not interpose his contract as a defense, if a defense was afforded thereby, nor to estop plaintiff from this proceeding. Counsel for defendants seeks to attribute altogether too limited a definition to the word 'indorsed' used in such complaint (Civ. Code, sec. 3108). Counsel for defendants proposes to see in the indorsement, and the bringing of the action on the note, an attempt to defraud defendant William A. Coulter, and deprive him of all opportunity to make such defenses as he might have under the contract. I can see no evidence of any such intent on the part of plaintiff. To me all the equities appear to be on plaintiff's side, and the only conclusion possible from the uncontradicted facts is that the defendants are endeavoring to procure title to plaintiff's lot without paying therefor, and that the bringing of the action on the note was most gladly welcomed as offering an opportunity for a technical defense to a claim against which no defense on the merits existed. But it does seem to me that, under all the circumstances of this case, looking to the substance and not the mere form of the transaction, this defense will not aid defendants.

"There is no great difficulty as to any of the other questions involved. So far as the declaration of homestead by the defendant's wife is concerned, it cannot, of course, be declared void as having been made in fraud of creditors. But no such decree is necessary to protect the plaintiff's rights. While the equitable estate in the land held by the vendee was subject to be impressed with the lien of a homestead as fully as an estate in fee, the declaration of homestead was subordinate to the right and claim of the vendor who held the legal title (*Alexander v. Jackson*, 92 Cal. 514), and could not prevent the vendor from enforcing his claim against the land. This, admittedly, would have been so if it had not been for the suit on the note and the judgment thereon; but, in view of what has already been said on that point, the condition of affairs has not been altered thereby. . . . .

"There can be no question as to the right of the plaintiff to maintain this action, notwithstanding the indorsement of the note to Bishop for collection; while the indorsement made Bish-

op the proper party to maintain the action, the assignment of the judgment by Bishop to plaintiff on the day of the recovery thereof was a sufficient reassignment to make plaintiff the only party who could maintain this action. Such reassignment again invested him with the legal title to the indebtedness. It is contended that the verbal agreement that defendant should pay all the taxes and assessments that might become due and payable upon the land is in violation of the provision of section 5, article 13, of the constitution, which make any contract by which a debtor is obligated to pay any tax or assessment on money loaned, or on any mortgage, deed of trust or other lien, null and void as to any interest specified therein and also as to any assessment. Substantially similar language in a mortgage was considered in the case of *Marye v. Hart*, 76 Cal. 291, and held not to be violative of the provision invoked. But I do not think that plaintiff is in this action entitled to recover the amounts paid by him as taxes. Under the allegations of the complaint the plaintiff would be compelled to convey the legal title upon the payment to him of the purchase price with interest, regardless of the amounts paid by him for taxes.

"As to the relief that should be granted: Defendant William A. Coulter, not having answered, such relief cannot exceed that demanded in the complaint. Plaintiff's demand is for interest at the rate of seven per cent per annum. Plaintiff is entitled to be paid under the terms of his contract the sum of fourteen hundred dollars, with interest thereon from November 5, 1890, at the rate of seven per cent per annum, less the payments made, amounting to sixty-five dollars. A decree should be entered directing the payment of this amount, and further directing that in the event that such amount be not paid within sixty days after the entry of judgment that the property be sold and the proceeds applied: 1. To the payment of the costs of sale, and 2. To the payment of the amount due plaintiff as aforesaid. Plaintiff is not entitled to judgment for any deficiency and he should pay his own costs."

We are entirely satisfied with the law as herein declared, and adopt the foregoing opinion as the opinion of the court.

Judgment and order affirmed.

Van Fleet, J., and Harrison, J., concurred.