[Civ. No. 1280.  Third Appellate District.—August 24, 1915.]

## RICHVALE LAND COMPANY (a Corporation), Appellant, v. L. E. JOHNSON, Respondent.

CONTRACT—SALE OF LAND—SECURITY OF VENDOR—ATTACHMENT.—Under a contract for the sale and purchase of real property, where the vendor retains title to the property until all payments are made, he has security for the purchase price, and is therefore not entitled to an attachment in an action to recover an unpaid balance on the contract.

APPEAL from an order of the Superior Court of Butte County discharging a Writ of Attachment.  H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellant.

Martin I. Welch, for Respondent.

CHIPMAN, P. J.—This is an appeal by plaintiff from an order discharging a writ of attachment levied upon defendant's property.

It appears from the complaint that, on November 15, 1911, plaintiff and defendant entered into a written contract by which plaintiff agreed to sell and defendant agreed to purchase certain land situated in Butte County for the sum of $3,220.80, to be paid in installments as set forth in the contract made part of the complaint; that certain two of these installments have not been paid, for the sum of $680.20 each, except the sum of $113.15, and there is due and unpaid the sum of $1,247.25, with interest at six per cent from November 15, 1911.

Plaintiff caused an attachment to issue and to be levied on certain personal property of defendant. Defendant moved the court to discharge the attachment on several grounds, among which was the claim that it appeared from the complaint and papers on file in the case that the indebtedness was secured by a lien upon real property and upon this ground the court discharged the writ.

Plaintiff is the owner in fee of the real estate the subject of the contract on which it relies. The contract is an agreement by plaintiff to sell and defendant to purchase the land.

Plaintiff, in retaining the title until all payments are made, has security for the payment of the purchase price at least equal to that of a vendor's lien or mortgage. An attachment is given "in an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state, and is not secured by any mortgage or lien upon real or personal property, or any pledge of personal property," etc. (Code Civ. Proc., sec. 537.)

In speaking of the relation between the vendor and vendee, in a case such as we have here, the court said, in *Gessner* v. *Palmateer,* 89 Cal. 89, 92, [13 L. R. A. 187, 26 Pac. 789] : "Where the vendor holds the legal title under an unexecuted contract for the conveyance of the land upon payment of the purchase money, the transaction shows upon its face that he holds it as security. The vendee cannot prejudice that title, or in any way divest it, except by performance of the act for which the vendor holds it. The vendor's security is something stronger than a mortgage, because the legal title is retained as security. . . . Where the title is not to pass until the

vendee pays the purchase price, the land is by express contract held in pledge for such payment, and the notes and contract may be considered as an instrument in the nature of a mortgage."

The order is affirmed.

Ellison, J., *pro tem.*, and Hart, J., concurred.