[L. A. No. 5289. Department Two.—January 8, 1920.]

AMARANTH LAND COMPANY, a Corporation, Respondent, v. FRANK W. COREY et al., Appellants.

[1] VENDOR AND VENDEE—RETENTION OF LEGAL TITLE BY VENDOR—ACTION AT LAW FOR DEBT.—A vendor retaining the legal title to land sold may waive his security and bring an action at law for the purchase money, or file his bill in equity for the specific performance of the contract.

[2] ID.—ACTION AT LAW FOR DEBT—FAIRNESS AND ADEQUACY OF CONSIDERATION—PLEADING—UNNECESSARY ALLEGATION.—Where a vendor retaining legal title to land sold waives his security and brings an action for the debt, it is unnecessary for him to allege or for the court to find that the consideration was fair and adequate.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellants.

R. T. Quinn for Respondent.

LENNON, J.—This is an action by an assignee of a vendor of land to compel the vendee to pay overdue installments on the purchase price and also to compel the payment of future installments by virtue of a clause in the contract of sale giving the vendor the right to declare the entire purchase price due and payable upon the vendee's default in any of the payments. The court gave judgment for the overdue installments, but found that the right to declare the entire purchase price presently due and payable had been waived.

Defendants contend that inasmuch as the vendor retained the legal title the action is essentially one in equity to compel specific performance and that the findings are insufficient for the reason that they do not show that the consideration was fair and adequate. This contention is answered by the case of *Sparks* v. *Hess,* 15 Cal. 186, where, at page 194, it is said: ". . . the vendors have retained the legal title, and evidently as security for the purchase money. Their position is, in some respects, similar to what it would have been had they executed a conveyance to the vendee and taken from him a mortgage upon the property. A mortgage is in form a conveyance of the legal title, though intended only as security for the debt. Here the title is retained by the vendors for a similar purpose of security. A mortgagee may pursue his remedy at law, or proceed in equity for a sale of the premises. A vendor retaining the title may in like manner sue at law for the balance of the purchase money, or file his bill in equity for the specific performance of the contract. . . . "

[1] The rule, thus early declared in this state, that a vendor retaining legal title to land sold may waive his security and bring an action at law for the debt, is reiterated in and supported by subsequent decisions of this court. (*Samuel* v. *Allen,* 98 Cal. 406, [33 Pac. 273] ; *Longmaid* v. *Coulter,* 123 Cal. 208, [55 Pac. 791] ; *North Stockton Town*

*Lot Co.* v. *Fischer,* 138 Cal. 100, [70 Pac. 1082, 71 Pac. 438].)

[2] In such an action, one at law, it is of course unnecessary for the plaintiff to allege or for the court to find that the consideration was fair and adequate. The action in the instant case was pleaded and proven and tried upon the theory that it was one at law for debt due. It follows that the findings support the judgment.

The judgment is affirmed.

Wilbur, J., and Kerrigan, J., *pro tem.,* concurred.