[No. 2186]

# SOUTHERN PACIFIC COMPANY (A CORPORATION), APPELLANT, *v.* C. N. MILLER, GEORGE F. THOMPSON, AND A. E. BETTLES, RESPONDENTS.

[154 Pac. 929]

1. VENDOR AND PURCHASER—REMEDIES OF VENDOR—RECOVERY OF PURCHASE MONEY.

Under Rev. Laws, 5501, limiting the remedy of a mortgagee to an action in foreclosure, where plaintiff, by executory contract, agreed to sell land, retaining title and reserving the right to maintain. a suit for the foreclosure of the agreement and any equity of redemption of the purchasers, although, pursuant to the contract, the purchasers went into possession, plaintiff could recover in a personal action for the unpaid balance of the purchase price, not being restricted to an action for foreclosure, as it was not a mortgage, because a mortgagor holds legal title, and a mortgagee only an equitable lien.

2. MORTGAGES—MORTGAGEE'S RIGHT.

In a mortgage legal title is in the mortgagor, and the mortgagee holds only an equitable lien.

3. VENDOR AND PURCHASER—REMEDIES OF VENDOR—ACTION FOR PURCHASE MONEY—TENDER OF CONVEYANCE.

In an action by the agreed vendor of realty for the unpaid balance of the price, the averment in the complaint that plaintiff was and had been ready to convey, as agreed, upon performance of the contract by defendants, with an offer to deliver conveyance into court, was a sufficient tender.

APPEAL from Seventh Judicial District Court, Mineral County; *Peter J. Somers*, Judge.

Action by the Southern Pacific Company against C. N. Miller and others. From a judgment for defendants, plaintiff appeals. **Reversed,** and case remanded for new trial.

*Frank Thunen* and *W. M. Singer*, for Appellant:

The judgment is contrary to the facts as found by the trial court. (Rev. Laws, 5342.)

The contract is not a mortgage and cannot be subject to the provisions of section 5501, Revised Laws. (*Hyman v. Kelly*, 1 Nev. 179; *Glock v. Howard*, 123 Cal. 1.)

Appellant, though a creditor, is not a mortgagee. It holds the title. (*Bank v. Kreig*, 21 Nev. 404; *Orr v. Ulyatt*,

23 Nev. 134; 27 Cyc. 961; *Longmaid* v. *Coulter*, 123 Cal. 208; *Samuel* v. *Allen*, 98 Cal. 406.)

Specific performance is granted in favor of a vendor of land as freely as in favor of a vendee. (Pomeroy's Eq. Jur., vol. 6, sec. 747.)

Appellant made sufficient tender of conveyance. (*Smith* v. *Mohn*, 87 Cal. 489.)

No objection having been made in the lower court to the sufficiency of appellant's averment of tender, the point cannot be raised for the first time on appeal. (*Duff* v. *Fisher*, 15 Cal. 375; *Parkside R. Co.* v. *MacDonald*, 166 Cal. 426.)

*John R. Melrose* and *Mack & Green*, for Respondents:

Foreclosure is the appellant's exclusive remedy. (Rev. Laws, 5501.) No action can be maintained for the recovery of the debt secured by a mortgage other than by a proceeding in foreclosure. (*Hyman* v. *Kelly*, 1 Nev. 180; *Bartlett* v. *Cottle*, 63 Cal. 366; *Biddle* v. *Brizzolara*, 64 Cal. 354; *Porter* v. *Muller*, 65 Cal. 512; *Brown* v. *Willis*, 67 Cal. 235; *Hibernia S. & L. Soc.* v. *Thornton*, 109 Cal. 427; *Winters* v. *Hub M. Co.*, 57 Fed. 287.)

The mortgagee is bound to exhaust his security afforded by the mortgage by a foreclosure suit before he can exercise any other remedy or obtain a personal judgment for any deficiency. (*Weil* v. *Howard*, 4 Nev. 384; *Gnarini* v. *Swiss Amer. Bank*, 162 Cal. 181; *Barbieri* v. *Ramelli*, 84 Cal. 154; *Salt Lake L. & T. Co.* v. *Millspaugh*, 18 Utah, 283; Wiltsie on Mortgage Foreclosure, 3d ed. 1913, secs. 11, 963.)

If a pledge of property as security for a debt is shown, a right of redemption necessarily follows. (27 Cyc. 1801, 1802.)

Generally speaking, whenever a transaction resolves itself into a security for a debt, it is a mortgage. (Words and Phrases, vol. 5, p. 4597; Wiltsie on Mortgage Foreclosure, sec. 963; Elliott on Contracts, vol. 5, secs. 4606, 4607; *Strauss* v. *White*, 66 Ark. 167, 51 S. W. 64.)

There having been no tender to respondents of a deed

to the premises described in the contract, there could be no decree of specific performance. (Elliott on Contracts, vol. 3, p. 511, sec. 2333; 39 Cyc. 1537; 26 Am. & Eng. Ency. Law, 113; 29 Am. & Eng. Ency. Law, 686, 690; *McCroskey* v. *Ladd*, 96 Cal. 455; *Bohall* v. *Diller*, 41 Cal. 532.)

By the Court, McCARRAN, J.:

This action was brought in the court below to obtain judgment in favor of the plaintiff, appellant herein, against defendants, respondents herein, for the sum of $750, being an unpaid balance, principal on a certain agreement made between appellant and respondents. The agreement, which furnished the basis for the action is as follows:

"This agreement, made the 15th day of March, A. D. 1907, between Southern Pacific Company, a corporation created and existing under laws of the State of Kentucky, first party, and C. N. Miller, George F. Thompson, and A. E. Bettles, of the County of Esmeralda, State of Nevada, second parties, witnesseth that for the sum of one thousand ($1,000.00) dollars, lawful money of the United States, to be paid at the times and in the manner and upon the terms and conditions hereinafter set forth, first party agrees to sell to second parties, and second parties agree to purchase from first party, all that certain lot, piece, or parcel of land situate in the town of Mina, county of Esmeralda, State of Nevada, particularly described as follows, to wit:   Lot six (6) in block ten (10), as shown and delineated upon the map of said town filed by first party in the office of the county recorder of said county of Esmeralda, on the 18th day of September, 1905, and recorded in Book of Surveys at page 2, records of said county, to which reference is hereby made for further description.

"Second parties have paid to first party the sum of two hundred and fifty ($250.00) dollars, and agree to pay the balance of said purchase price, to wit, the sum of seven hundred and fifty ($750.00) dollars, in installments as

follows, to wit: Three hundred and seventy-five ($375.00) dollars on or before one year after date; three hundred and seventy-five ($375.00) dollars on or before two years after date—together with interest on the unpaid principal from date until paid, at the rate of 6 per cent per annum, payable annually, and second parties shall also pay all taxes and assessments of every kind and nature which may prior to full payment of all said installments of said principal and interest thereon be assessed, levied, or imposed upon the premises afore described or any part thereof.

"And upon full payment of said installments of said purchase price and accrued interest thereon, and all taxes and assessments upon said premises, as aforesaid, first party covenants and agrees to convey said premises to second parties by good and sufficient deed of grant, bargain, and sale, free and clear of all liens and incumbrances made, done, or suffered by it.

"And it is agreed that time, wherever mentioned herein, is an essence of this agreement, and that if the parties of the second part fail to pay any sum herein agreed to be paid for interest or taxes at the time, place, and as agreed to be paid, that all sums herein agreed to be paid, including the amount owing for unpaid purchase price, shall thereupon, at the option of the party of the first part, become immediately due and payable, and the party of the first part, its successors or assigns, may sue for and recover the sum or sums so due for interest, for taxes, or for both, by personal action for the same as money due and owing; or the party of the first part, its successors or assigns, may at its or their option sue for and recover all sums due and unpaid, including the unpaid purchase price, by action in foreclosure of this agreement, or by personal action against the parties of the second part, as for moneys due and owing, and that either or any of such suits may be brought without any tender, demand or notice whatever from the party of the first part, and that the party of the first part may levy upon any money or other property of the parties of the second part to recover

the amount of judgment obtained, and may, but need not, first resort to the right or property vested in the parties of the second part by these presents.

"It is further understood that, subject to this agreement, and during the continuance thereof, second parties shall have the right to take possession of, use, and occupy the premises aforesaid.

"This agreement shall bind the successors, heirs, and assigns of the parties hereto.

"In witness whereof first party has caused these presents to be signed by its duly authorized land agent, and the second parties have hereunto set their hands the day and year first above written.

"Southern Pacific Company,

"By Wm. H. Mills, Land Agent.

"C. N. Miller.

"George F. Thompson.

"A. E. Bettles."

The court below, among other things, found as follows:

"The court further finds that by reason of the fact that plaintiff, by said contract and agreement, granted to defendants the right to enter into the possession and use, occupy, and enjoy said premises, and by reason of the fact that said defendants did enter into the possession of said premises, and by reason of the fact that plaintiff retained the legal title to said premises as security for the payment of the unpaid purchase price thereof, and by reason of the further fact that said plaintiff, by said contract and agreement, reserved the right to institute and maintain a suit or action for the foreclosure of said agreement and the foreclosure of any and all equity of redemption of said defendants, the said transaction and plaintiff's rights under said contract and agreement was tantamount to, and, in effect, a mortgage upon, the said lands and premises to secure the payment of said unpaid purchase price, and that by reason of the provisions of section 5501 of the Revised Laws of the State of Nevada plaintiff is limited to its remedy by a suit or action for the foreclosure of said mortgage, and

this court is without jurisdiction to render a judgment for said alleged debt in this action."

Upon the foregoing finding judgment was rendered against appellant. From this judgment, direct appeal is taken to this court. The question to be determined here is: Was the agreement tantamount to and in effect a mortgage?

**1, 2.** If, as a matter of fact, the relation of mortgagor and mortgagee was established between the vendor and vendee by the making of this agreement and the conferring of possession upon the vendee, then the judgment of the trial court must be confirmed, because section 5501, Revised Laws, limits the remedy available to appellant as mortgagee to an action in foreclosure. The statute provides:

"There shall be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate or personal property, which action shall be in accordance with the provisions of this chapter. In such action, the judgment shall be rendered for the amount found due the plaintiff, and the court shall have power, by its decree or judgment, to direct a sale of the encumbered property, or such part thereof as shall be necessary, and apply the proceeds of the sale to the payment of the costs and expenses of the sale, the costs of the suit, and the amount due to the plaintiff."

The principle that a mortgage on real property in this state is not an alienation, but rather a security for debt, has been established by decisions of this court: *Hyman* v. *Kelly,* 1 Nev. 179; *National Bank* v. *Kreig,* 21 Nev. 404, 32 Pac. 614; *Orr* v. *Ulyatt,* 23 Nev. 134, 43 Pac. 916.

By these decisions it has been established that a mortgage of real property amounts merely to an equitable lien upon the property.

It is the contention of respondents, and this contention was affirmed by the finding of the trial court, that, inasmuch as the agreement provided that the title should remain in the vendor, and that possession should be

enjoyed by the vendee, these provisions were sufficient to establish the relationship of mortgagor and mortgagee. If we apply to this reasoning the decisions of this court in the cases of *National Bank* v. *Kreig* and *Orr* v. *Ulyatt, supra*, it follows that, inasmuch as it is the established law of this state that a mortgage is not an alienation, but merely a security for debt in the form of an equitable lien, then, the vendor in this instance retaining, as it did, the title to the property and never parting with the same, its position in the premises is something more than a mortgagee; and, as stated in *Gessner* v. *Palmateer*, 89 Cal. 89, 24 Pac. 608, 26 Pac. 789, 13 L. R. A. 187, the security held by the vendor is something stronger than a mortgage, because the legal title is retained as security, whereas in a mortgage the legal title is in the mortgagor; the mortgagee holding only an equitable lien.

In the case of *Longmaid* v. *Coulter*, 123 Cal. 215, 55 Pac. 791, the Supreme Court of California, in a case analogous to the one at bar, referring to the code of civil procedure of that state equal in force and effect to that found in our statute (section 5501), held that a vendor who had retained the title as security for the purchase money, or his assigns of the debt, might sue for and collect the unpaid purchase money in an action at law without, in the first instance, resorting to an action to enforce the lien for the debt. It further held that section 726 of the code of civil procedure, corresponding to our statute section 5501, did not apply to such a case. To the same effect is the case of *Wood* v. *Mastick*, 2 Wash. T. 64, 3 Pac. 612.

As we said at the outset, the vital question presented here is as to whether or not the relationship between the parties, created by the contract of sale, was that of mortgagor and mortgagee. We think the most that can be said of the contract entered into between the parties is that it was an executory contract, reserving to the vendor not only the privilege, in case of nonpayment, to foreclose all the rights of the vendees, but, at the option of the vendor, to collect the unpaid portion of the purchase money by personal action against the vendees. Nor are

we able to discern any good reason for a rule which would assume to change the relationship thus created by the agreement into one of mortgagor and mortgagee solely because the vendee was, by the terms of the agreement, accorded the right to take possession. Why the mere taking possession of the property by the party who had, prior to the making of the agreement, never had possession, should transform the relationship existing between the parties to one of mortgagor and mortgagee, we are unable to discern. The vendee in this instance entered into an agreement with the vendor upon terms, the latter to sell, the former to buy, the premises described. The vendor never parted with title. It was only subject to the agreement, and during the continuance thereof, that the vendee acquired the right to take possession of or to use or occupy the property. To say that these conditions established the relationship of mortgagor and mortgagee between the parties who by their own act created the conditions, and at the same time to hold that an equitable lien only, and not the legal title, is by law vested in the mortgagee, would be to create an anomaly.

Cases presenting conditions such as those established by the record here are to be distinguished from cases where a conveyance has been actually executed, and a vendor's lien or other security reserved to insure the unpaid portion of the purchase price. Cases such as the one at bar are to be distinguished from those involving contracts in which by their terms the obligation to purchase is not assumed by the vendee.

**3.** It is the contention of respondents that appellant cannot demand specific performance, because of the failure of appellant to make sufficient tender of conveyance. In appellant's amended complaint we find the following averment:

"That the plaintiff has done and performed all things required by the terms and conditions of said contract, and has at all times, as provided in said contract, been and is now ready, able, and willing to convey said premises to defendants as agreed in said contract, upon the

performance of the terms and conditions in said contract by defendant to be performed, and now offers to deliver such conveyance into court."

In view of the position taken by respondents, we deem it unnecessary to dwell at length on this phase of the case. Suffice it to say that, in our judgment, this allegation, and the offer of appellant therein to deliver conveyance into court, constituted a sufficient tender. Indeed, the offer in this respect, and the averments thereof, appear to us to be much more than has been held sufficient by many courts. (*Smith* v. *Mohn,* 87 Cal. 489, 25 Pac. 696; *Biddle* v. *Coryell,* 18 N. J. Law, 377, 38 Am. Dec. 521; *Roberts* v. *Beatty,* 2 Pen. & W. 63, 21 Am. Dec. 410.)

The judgment should be reversed, and the case remanded for a new trial.

It is so ordered.

1. VENDOR AND PURCHASER—REMEDIES OF VENDOR—LIABILITY OF PURCHASER'S ASSIGNEE.