## DODGE BROS., INC. *v.* WILLIAMS ESTATE CO.

No. 2886

April 30, 1930. 287 P. 282.

*Cooke & Stoddard,* for Appellant:

*Andrew L. Haight,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This suit was instituted to compel the specific performance of a contract of sale of real estate.

The complaint, aside from the formal matter set out, alleges that the defendant on January 22, 1929, entered into an agreement of sale of a tract of land in Fallon, Nevada, having a frontage of 100 feet on Main Street and running back along Center Street 190 feet, for the sum of $12,000, $2,000 of which was paid at the time of the execution of the agreement of sale, the balance of $10,000 to be paid fifteen days after the furnishing of an abstract of title to the land, showing the same to be free and clear of incumbrances, the abstract to be furnished forthwith.

The complaint also alleges that the contract of purchase was subject to an option to Art Downs, which expired January 27, 1929; that in due time Downs exercised his option to purchase a rectangular portion of the tract in question, fronting 50 feet on Main Street and 100 feet on Center Street, paying therefore $8,250.

The complaint further avers that plaintiff was at all times ready and willing to pay the purchase money to the defendant upon the terms set forth in the agreement, and that it has demanded performance on the part of the defendant, but that said defendant repudiated said agreement and tendered to the plaintiff the $2,000 paid to it.

The answer denies that the defendant repudiated the agreement of sale; admits tendering to plaintiff the $2,000, as averred; admits that it failed and refused to furnish an abstract of title to the property or to perform the agreement in any manner whatsoever.

The answer avers that simultaneously with the execution and delivery of the agreement of sale pleaded in the complaint that the plaintiff altered and modified said agreement by inserting therein the words: "This Agreement is subject to an option granted to Art Downs which expires January 27, 1929"; that the words so inserted were and are ambiguous and susceptible of different interpretations, and that the words were inserted after defendant refused to sign said agreement as it was worded without being so altered, and said words were inserted by plaintiff and accepted by

defendant upon plaintiff's statement and assurance that by so altering said agreement it would release defendant from any obligation or duty to deliver a deed to plaintiff for said premises in the event said Downs exercised his said option, and that any construction or meaning given to said ambiguous words other than as hereinabove stated, as the agreed intent and understanding of the parties, would make the contract and agreement ineffective in that the defendant could not perform the terms and conditions thereof to be performed by it in the event of said Downs exercising his option, or in the event of said Downs electing to purchase the remaining portion of said lot 1 as now sought by plaintiff by reason of the matters and things hereinafter alleged.

The answer further alleges that Downs had an option to purchase the rectangular piece mentioned or the whole tract for $16,000, on terms, or for $15,000 cash; that the portion of the tract remaining after the exercise by Downs of his option is of the value of $7,000.

The defendant pleaded as a further defense a lease granted Art Downs on March 31, 1925, for a term of five years, upon a portion of the land described, wherein it is stipulated that in case the defendant should receive during the term of said lease a bona fide offer for said tract of land, that the defendant would give said Downs the first privilege of purchasing said premises upon the same terms, of which notice was given to the plaintiff simultaneously with the execution of said agreement of sale, whereupon plaintiff agreed with defendant to alter and modify said contract of purchase then prepared to the extent that if Downs should exercise his option the defendant would be under no obligation to convey said premises to the plaintiff, "and pursuant to such agreement altered and modified said contract by inserting said ambiguous words herein above set forth."

Upon the filing of the answer a motion was made by the plaintiff for a judgment and decree in its favor upon the pleadings. After the argument of said motion,

in due time, the court entered an order sustaining the same, and thereafter entered a formal decree of specific performance to the effect that the agreement of sale be specifically performed; that defendant furnish to the plaintiff an abstract of title to said tract of land, after excluding the rectangular tract purchased by Downs; that the attorneys for the plaintiff have fifteen days in which to examine the same, and, if said land be found to be free and clear of incumbrance, that the defendant execute and deliver to plaintiff a good and sufficient deed of warranty of title to said premises, and that upon the delivery thereof that the plaintiff pay to the defendant the sum of $10,000, less the sum of $8,250 paid to it by Art Downs for the rectangular portion of said tract.

From the decree, the defendant has appealed.

The case turns chiefly upon that portion of the first defense sought to be pleaded, which we have quoted.

Counsel for defendant argues in his brief upon the theory that the defense is one for reformation of an agreement, and further that the stipulation in the agreement of sale that it is subject to Downs' option is too ambiguous to be enforced.

■ It is a well-recognized rule that there can be no reformation of a contract unless there was a mutual mistake in the wording of the contract, or fraud on the part of the opposite party, and that such mistake, or fraud, as the case may be, is pleaded.

This rule has been recognized by this court and is settled law. Gage v. Phillips, 21 Nev. 150, 26 P. 60, 37 Am. St. Rep. 494; 34 Cyc. 974, et seq.

■ Neither mutual mistake nor fraud are pleaded in the answer in this case, hence this phase of the case may be dismissed without further consideration.

Is the agreement in question so ambiguous as to render it incapable of enforcement?

■ There is no better established principle of equity jurisprudence than that specific performance will not be decreed when the contract is incomplete, uncertain or indefinite. 25 R. C. L. p. 218; 36 Cyc. p. 587; 6 Pom.

Eq. Jur., sec. 764; Van Dyke v. Norfolk S. R. Co., 112 Va. 835, 72 S. E. 659.

As to the principle stated, there is no dispute.

Is the contract in question so uncertain that the intentions of the parties cannot be sufficiently ascertained to enable a court of equity to carry it into effect? Unless it is, the decree must be affirmed.

The only portion of the agreement in question which it is contended is ambiguous is the provision: "This agreement is subject to an option granted to Art Downs which expires January 27, 1929."

In determining whether or not this provision is ambiguous, we must construe it in the light of the situation existing at the time the contract was executed, and not in the light of subsequent developments, and in so doing we must construe the language used in accordance with its common acceptation.

The burden of defendant's argument turns upon the contention that, if the decree appealed from is affirmed, plaintiff will get for $3,750 property worth $8,250, hence the parties could not have intended any such result as would follow from the affirmance of the decree. True, the argument is not thus expressed, but such is the effect of it.

Counsel seem to loose sight of the difference between the results which might flow from the option to Downs and the force of the agreement of sale. The option did not bind Downs to pay anything, whereas a cash payment of $2,000 was received as a result of the sale agreement, and a binding obligation assumed to pay $10,000 more, even if the property became of nominal value the next minute after the contract was signed. In the light of this situation, we fail to appreciate the force of counsel's argument. Giving to the words in question their usual meaning as of the time they were used, uninfluenced by subsequent developments, we think it is clear that the words were incorporated into the contract for the sole purpose of protecting the defendant from any liability which might grow out of the option held by Downs.

The contract between the parties required the defendant to forthwith deliver to the plaintiff an abstract of title. Had it done so, showing the property clear of incumbrance, the plaintiff could have demanded a deed to the entire property, on tendering of the balance of the purchase price, to which it would have been entitled, and received a deed therefor, subject to the option agreement held by Downs.

The language in question was clearly used in the sense that the sale was burdened or charged with the option, that vendor was selling all the interest it had in the land subject to Downs' privilege to purchase. This is clearly the intention as well as the equity of the situation.

In Coffey v. Superior Court, 147 Cal. 535, 82 P. 75, it was held that to be "subject to" is "to become subservient to" or "subordinate to."

It is ordered that the decree be affirmed.