MARIETTA CARCIONE, Appellant, *v.* WILLIAM J. CLARK AND CLARA F. CLARK, Respondents.

No. 11775

October 29, 1980                    618 P.2d 346

*Wartman & Boyd, Ltd.,* Las Vegas, for Appellant.

*Greenman & Goldberg,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

This is an action by William J. and Clara F. Clark, buyers, to compel Marietta Carcione, seller, to specifically perform a contract to sell a home in Las Vegas. The district court ordered specific performance and this appeal followed.

The relevant facts giving rise to this controversy are not disputed. The property in question was listed for sale by Marietta Carcione sometime in October of 1975. At that time she was married to Vincent Carcione, who was involved in a dispute with his ex-wife over child support payments. To avoid endangering Marietta's alleged separate property, Vincent executed a quitclaim deed of his interest in the home, if any, to Marietta. Vincent and Marietta were divorced in December, 1975. Soon after the divorce, Vincent's ex-wife filed an action to set aside the quitclaim deed as fraudulent. A *lis pendens* attached to the property and remains attached to the property pending the outcome of the suit filed by Vincent's ex-wife.

The Clarks offered to buy the home for $58,000.[1] After being informed of the lien on the property, the Clarks' real estate agent drafted an earnest money receipt and purchase agreement, which Marietta accepted on January 10, 1976. The Clarks paid $1,000 as the first and last months' rent for the property, as provided for in the agreement, and $10 as a lease option deposit and moved into the home. The interpretation of this agreement was before the district court which sat without a jury. That court found the Clarks had attempted to fully perform, but their performance was prevented by Marietta, who refused to sell the property.

---

[1] The parties admit in the briefs submitted to this court that the price was fair and reasonable at the time the contract for sale was entered into.

The relevant part of the agreement relating to the removal of the *lis pendens* provided:

> Sellers to lease above-described property to Cabaret International, Inc. for a period of six months or less, depending upon sellers clearing of Lis Pendis [sic] on property, for $500.00 per month plus utilities and associated dues. Lease is renewable under same terms for a period of six months at buyers' discretion 'under above terms.
>
> Upon clearing of Lis Pendix, [sic] William Clark and Clara Clark are to apply and qualify for a new VA loan in the amount of $58,000. [Sic] less the principal referred to below. Upon applying for new loan, buyers will deposit into escrow $1,000 additional money as earnest money.

Appellant contends the clearing of the *lis pendens* is a condition precedent to her obligation to perform under the contract for sale, and since she made a "bona fide" attempt to secure a release of the *lis pendens* by filing a motion to that effect on September 2, 1976,[2] she has no further obligation to convey the property to the Clarks.

The trial court found that the *lis pendens* clause was not a condition precedent which would shield appellant from any liability to convey under the contract. We agree. The evidence adduced at trial supported this and this court has held that under NRCP 52(a) a trial court's findings will not be set aside unless clearly erroneous. Schieve v. Warren, 89 Nev. 268, 510 P.2d 1367 (1973).

It is clear from reading the contract language that this was an agreement to sell the property in question. The only provisions affected by the *lis pendens* clause were the Clarks' obligation to apply and qualify for a VA loan and the term of the lease. The Clarks chose to proceed with the purchase despite the failure of this condition which may have discharged them from that duty. Marietta cannot claim the benefit of a failed condition that did not affect her duty to convey.

Appellant further claims that she was unable to clear the *lis pendens* despite bona fide efforts. Her refusal to clear the *lis pendens* by posting a bond or other method is analogous to

---

[2]The motion in Case No. A149147, McIntyre v. Carcione, was denied by Judge Goldman on September 22, 1976.

subjective impossibility and does not excuse her from conveying clear title. *See* Lear v. Bishop, 86 Nev. 709, 476 P.2d 18 (1970); Simpson, *Contracts* (2d ed. 1965) at 360–361. The district judge properly concluded that appellant is obligated to clear the *lis pendens* and to convey clear title.

Appellant also contends that the Clarks' failure to deposit $1,000 into escrow as earnest money when they applied for the new VA loan discharged her from her duty to convey. This contention is without merit.

The only question remaining was whether the trial court was correct in granting the request for specific performance of this contract.

Equity regards as done what in good conscience ought to be done. Woods v. Bromley, 69 Nev. 96 at 107, 241 P.2d 1103. Specific performance is available when the terms of the contract are definite and certain, Dodge Bros., Inc. v. Williams Estate Co., 52 Nev. 364, 287 P.2d 282 (1930), the remedy at law is inadequate, Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963), the plaintiff has tendered performance, Southern Pacific Co. v. Miller, 39 Nev. 169, 154 P. 929 (1916), and the court is willing to order it.

In this case, the contract is clear, the subject matter is realty, the Clarks have tendered performance, and the district judge, exercising his discretion, was willing to supervise performance of the agreement. Specific performance was properly ordered.

Affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.