JOSEPH F. SANSON INVESTMENT CO., Appellant, v. C. R. CLELAND, C. R. CAVANAUGH, TITLE INSURANCE AND TRUST COMPANY, and EUGENE L. BUCKLEY, Respondents.

No. 12042

March 25, 1981 625 P.2d 566

[Rehearing denied May 18, 1981]

*Wiener, Goldwater, Waldman & Gordon,* Las Vegas, for Appellant.

*Nitz, Schofield & Nitz; Paul L. Larsen,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Joseph F. Sanson Investment Co., a limited partnership (Sanson), bought a trailer park in North Las Vegas, Nevada,

from C. R. Cleland and C. R. Cavanaugh in July, 1971. The purchase agreement provided that Sanson would assume an existing promissory note secured by a first deed of trust on the property, and also required that Sanson execute a second deed of trust in favor of Cleland and Cavanaugh to secure a second promissory note in the amount of $100,000. The note was without interest and payable in yearly installments of $10,000, beginning June 30, 1973. No payment was made on the note. The record indicates insufficient revenue from the trailer park to pay both the notes secured by the first and second deeds of trust. No action was taken by Cleland and Cavanaugh to foreclose the note secured by the second deed of trust.

In December of 1978 the note secured by the second deed of trust was assigned to Eugene L. Buckley, who had notice that it was in default. Buckley paid Cleland $50,000 for the note: $10,000 cash as a down payment, and executed his note for $40,000 at 8% on the unpaid balance. Buckley then commenced foreclosure proceedings with the sale noticed for April 30, 1979.

The district court granted a preliminary injunction against foreclosure until the June, 1979, installment became due. The court found that from 1972 Cleland, on behalf of himself and Cavanaugh, had expressly waived their right to foreclose and that Sanson had reduced the obligation on the note secured by the first deed of trust by $100,000 and for six and one-half years Sanson had acted in reliance upon Cleland and Cavanaugh's forebearance to foreclose. The trial court denied the Sanson motion for permanent injunction, finding no oral modification of the promissory note had taken place, and no waiver of eventual payment of the second note.

Appellant contends that the trial court erred when it failed to find the promissory note secured by the second deed of trust had been modified by a subsequent verbal agreement between Sanson and Cleland binding Buckley.

Although parties to a written contract may orally modify it and parol evidence of the subsequent agreement is not summarily excluded, all parties must agree to the new terms. Silver Dollar Club v. Cosgriff Neon, 80 Nev. 108, 389 P.2d 923 (1964); Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63 (1962).

Here, the evidence does not establish a novation as a matter of law and supports the district court's finding that there was no oral modification of the promissory note. NRCP 52(a).

Findings of fact by a trial court will not be disturbed where supported by substantial evidence. NRCP 52(a). Carcione v. Clark, 96 Nev. 808, 618 P.2d 346 (1980).

Even though respondents Cleland and Cavanaugh by inaction waived their right to foreclose through 1978, that right was not waived for all time. Buckley, as assignee, had the right to foreclose after the preliminary injunction terminated in June of 1979.

The order of the district court denying a permanent injunction is affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and YOUNG, D. J.,[1] concur.

---

[1] The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6 § 4.