R. H. HOBSON and OVERLAND, INC., a Nevada Corporation, Appellants, v. BRADLEY & DRENDEL, LTD., a Professional Corporation, Respondent.

No. 13438

December 9, 1982                    654 P.2d 1017

*Guild, Hagen & Clark, Ltd.,* Reno, for Appellants.

*Jack Streeter,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This action is for the recovery of attorney fees. John Drendel, a member of respondent law firm, was the attorney for appellant Overland, Inc., prior to August 22, 1977. Respondent was to be paid an annual retainer fee to handle the day-to-day legal matters of the corporation. Respondent also represented appellant R. H. Hobson individually in a contested divorce action from its inception in October, 1974, through about August of 1977.

Respondent filed suit in 1978 for recovery of attorney fees allegedly owed. The complaint contended, in part, that respondent represented appellant Hobson in the divorce action for approximately three years, that respondent had not been paid, and that respondent was entitled to fees in a specified amount. The complaint also sought recovery of fees in a second cause of action against appellant Hobson and appellant Overland, Inc., for services allegedly performed relating to a lease with an option to purchase certain property.

The trial court found, in part, that the value of services rendered for representation in the divorce action was $7,500; that the value of legal service rendered to both appellants in negotiating the lease-purchase agreement was $60,000; and that these services were not included within respondent's retainer fee.

Appellants contend that certain of the findings which were made by the district court were not supported by sufficient evidence. Findings of fact which are rendered by a trial court will

not be disturbed where they are supported by substantial evidence. Joseph F. Sanson Inv. v. Cleland, 97 Nev. 141, 625 P.2d 566 (1981).

A review of the record reveals that there is substantial evidence to support the findings of the trial court that the value of respondent's services regarding the lease-purchase agreement was $60,000, and that the services performed in connection with that transaction were not covered by the retainer fee. Furthermore, there is substantial evidence in the record to support the finding that the value of the services rendered with regard to the divorce action was $7,500.

Appellant Hobson also contends that the trial court erred in finding him jointly liable with appellant Overland, Inc., for the value of services performed in connection with the lease-purchase agreement. We agree. Respondent did not pursue an alter ego theory against appellant Hobson, and there was insufficient evidence to support a finding that appellant Hobson agreed to be obligated personally for the services performed by respondent regarding the lease-purchase agreement.

Accordingly, we reverse that portion of the judgment holding appellant Hobson individually liable for the services rendered in connection with the lease-purchase agreement. In all other respects, the judgment is affirmed.