LEROY'S HORSE AND SPORTS PLACE, a Nevada corporation Plaintiff–Appellee,

v.

Michael RACUSIN dba M. Racusin & Company Defendant–Appellant.

Leroy's Horse and Sports Place, a Nevada corporation Plaintiff–Appellee,

Michael Racusin dba M. Racusin & Company Counter–claimant–Appellant,

v.

Michael Racusin dba M. Racusin & Company Defendant–Appellant.

Leroy's Horse and Sports Place, a Nevada corporation Counter–defendants–Appellees.

Leroy's Horse and Sports Place, a Nevada corporation Plaintiff–counter–defendant–Appellee,

v.

Aram A. Hartunian;  Appellee.

Michael RACUSIN dba M. Racusin & Company Defendant–counter–claimant–Appellant.

American Wagering, Inc. Counter–defendant–Appellee.

Nos. 99–16909, 00–16642, 00–17001.
D.C. Nos. CV–95–00927 (HDM).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Nov. 1, 2001.

Before POLITZ,* B. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

In this diversity action, we review *de novo* the district court's proper application of Nevada contract law in deciding whether to award damages or specific performance.[1]

█ Michael Racusin contends that it was error for the district court to award specific performance when he requested only money damages. We agree. Racusin neither pled nor proved the facts or elements necessary for the court to apply the remedy of specific performance.[2] Without such proof, the court could not grant specific performance.

The proper measure of damages is the plaintiff's "expectation interest as measured by ... the loss in the value to him of the other party's performance."[3] The jury indicated that the amount of compensation should be "stock in Leroy's ... in an amount equal to 4.5% of $45,000,000 and $150,000 in cash." In other words, it awarded Racusin $2.025 million worth of

---

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See, e.g., EEOC v. Wal–Mart Stores, Inc.,* 156 F.3d 989, 992 (9th Cir.1998) ("We review de novo the district court's legal conclusion as to whether damages are available.").

2. *Carcione v. Clark,* 96 Nev. 808, 618 P.2d 346, 348 (Nev.1980) ("Specific performance is available when the terms of the contract are definite and certain, the remedy at law is inadequate, the plaintiff has tendered performance, and the court is willing to order it.").

3. Restatement (Second) of Contracts § 347.

stock. The district court was correct in concluding that this judgment would have delivered 337,500 shares of stock to Racusin—that is, $2.025 million at $6 a share (the amount used in the final evaluation on which the contract was based). But because Racusin's prayer was for damages, not stock, the court erred in stopping there.

We remand to the district court for a determination of Racusin's interest in monetary terms. In other words, the district court needs to calculate the monetary value that Racusin would have been able to recoup from his 337,500 shares. This finding is dependent on when Racusin could have begun selling his shares,[4] as well as how many shares he likely would have been able to sell at what times, given his large block of stock in a small-capitalization company.[5]

■ Racusin also challenges the district court's holding that his former attorney, Aram Hartunian, was entitled to thirty-three percent of the recovery received by Racusin above that recovered at trial under the terms of a 1997 attorney's fee agreement. We review attorney fee awards for an abuse of discretion,[6] and we review the presence or absence of undue influence in establishing a fee agreement for clear error.[7]

Applying Illinois law, we conclude that the district court erred in awarding the contingency fee. Racusin terminated Hartunian before the district court entered judgment. "When a client terminates her attorney, the contingent-fee contract ceases to exist, and the contingency term is no longer operative."[8] In such circumstances the proper fee for the attorney is the quantum meruit value of the services.[9] Therefore, we must remand to the district court for a determination of the value of Hartunian's services. We note that the only legal service Hartunian has not supplied is the appeal to this panel. We find no merit in the other objections to Hartunian's fees and thus affirm the district court's judgment as to lack of consideration, undue influence and fraud.

Leroy's Horse and Sports Place also appeals. We first consider its claims that the jury erred in finding that American Wagering, Inc. was its alter ego. We review a jury verdict to determine whether there was substantial evidence to support the verdict, "that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion."[10] The record persuades us that reasonable minds could reach the conclusion that AWI was the alter ego of Leroy's. Accordingly, there was no error in the jury's verdict in that respect.

---

**4.** *See* 17 C.F.R. § 230.144 (describing "insider trading" rules).

**5.** *See O'Meara v. The North American Mining Co.,* 2 Nev. 112 (1866) (holding highest market value of share is not the rule if plaintiff cannot show he would have realized that price).

**6.** *Starr v. Bowen,* 831 F.2d 872, 873 (9th Cir. 1987).

**7.** *Kirsch v. Huber,* 264 F.2d 387, 393 (9th Cir.1959).

**8.** *Much, Shelist, Freed, Denenberg, and Ament, P.C. v. Lison,* 297 Ill.App.3d 375, 231 Ill.Dec. 625, 696 N.E.2d 1196, 1199 (Ill.App.Ct.1998).

**9.** *Rhoades v. Norfolk & W. Ry. Co.,* 78 Ill.2d 217, 35 Ill.Dec. 680, 399 N.E.2d 969, 975 (Ill.1979).

**10.** *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000).

Leroy's also contends that the trial court erred by refusing to admit testimony regarding the previous payments it made to Racusin after the 1997 judgment. We review evidentiary rulings for an abuse of discretion.[11] We find no abuse of discretion in the exclusion of this evidence because it was not relevant to any of the questions before the jury. We therefore affirm the trial court's exclusion of this testimony.

■ Finally, Leroy's asserts that the district court erred by failing to allow a set-off for the interest that accrued on $586,088.97 that it paid to Racusin on September 5, 1997, after the district court entered its first judgment in this case. We review a district court's decision pertaining to the award of pre-judgment or post-judgment interest for an abuse of discretion.[12] We must conclude that the court abused its discretion by failing to credit Leroy's for the accrued interest. We remand to the district court so that when it enters the new damages award on remand, it may appropriately credit Leroy's for interest on the previously paid sum.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

11. *Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir.1999).

12. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir.1998).